UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:10-CV-00061-R

TRACY NANCE                                                                                           PLAINTIFF

V.

WAL-MART STORES, INC.                                                                          DEFENDANT

## MEMORANDUM OPINION

Defendant has filed a motion for Judgment Notwithstanding the Verdict (DN 48). Plaintiff has filed a response (DN 49). No reply was filed. This matter is ripe for adjudication. For the reasons that follow, the motion for Judgment Notwithstanding the Verdict is GRANTED.

## Background

Plaintiff's slip-and-fall case was tried to a jury. During the jury trial, Plaintiff put forth evidence from Plaintiff's primary care physician that Plaintiff would probably "have some ongoing symptoms from this fall even if it is intermittent basis [sic]" and would probably "require some additional medical treatment and incur medical expense on account of the fall injury." However, the physician could not give a fair estimate of what the future treatment might cost, stating the future treatment could range from intermittent discomfort to needing to "see the surgeon that did the procedure again . . . to do another scope or procedure." The jury also heard evidence that since the slip-and-fall and resulting surgery, Plaintiff had already incurred some $548.23 in medical expenses allegedly related to the slip-and-fall. However, while not pointed out in either brief, a review of the medical testimony indicates almost no medical connection between the $548.23 in expenses and the slip-and-fall. An intervening head-on collision in which Plaintiff was involved could also have been the cause of the additional shoulder pain leading to the post-surgery treatment. Finally, Plaintiff's orthopedic surgeon testified that there

was "no need for [Plaintiff] to come back [to see him]" and "no plans for [the surgeon] to see [Plaintiff] again."

## Standard

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## Discussion

Defendant argues that there was an error of law in allowing the question of future medical expenses to be submitted to and awarded by the jury. After a careful review of the case law cited by both parties, the submission of future medical expenses to the jury and an award of future expenses was not appropriate under Kentucky law.

In Kentucky, "where there is substantial evidence of probative value to support it, the jury may consider and compensate for the increased likelihood of future complications." *Davis v. Graviss*, 672 S.W.2d 928, 932 (Ky. 1984), *overruled on other grounds by Sand Hill Energy, Inc. v. Ford Motor Co.*, 83 S.W.3d 483 (Ky. 2002). Defendant cites a case in which a plaintiff sustained "multiple fractures in her face including a broken nose, septum and permanent nerve damage" requiring "reconstructive surgery to repair her jaw, nose, and eye socket" and the medical testimony was that "there was no way to know . . . what might happen in the future." *Ellison v. Kentucky Farm Bureau Mut. Ins. Co.*, No. 2009-CA-000116-MR, 2010 WL 2696289

at *4 (Ky. App. July 9, 2010). The court affirmed a decision by the trial court to grant a directed verdict for the defendant as to future medical expenses. *Id.* at *5. On the other hand, Plaintiff cites to cases where evidence showed that various plaintiffs' would need continuing medical treatments even though the costs were somewhat indeterminate and the reviewing court felt that future medical expenses were appropriate. *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 318 (Ky. 2006) (Affirmed expenses when plaintiff would need twice yearly office visits and medication for an indefinite period of time); *Boland-Maloney Lumber Co, Inc. v. Burnett*, 302 S.W.3d 680, 692 (Ky. App. 2009) (reversible error in not letting evidence of the need for future prescriptions and the cost of said prescriptions reach the jury).

    Plaintiff has the burden of providing "substantial evidence of probative value" before a jury "may consider and compensate for the increased likelihood of future complications." *Davis*, 672 S.W.2d at 932. Plaintiff has failed to carry that burden. Unlike the cases cited by Plaintiff in support of her position, Plaintiff was unable to point to a single mandatory recurring or future expense, such as a prescription or a future office visit. Testimony of Plaintiff's orthopedic surgeon indicated that Plaintiff had made an excellent recovery and was not scheduled to have any additional follow ups. While Plaintiff offered evidence that she had sustained almost $550 in medical expenses since her final appointment with her orthopedic surgeon, there is very little medical testimony tying those expenses to the slip-and-fall at Wal-Mart. An intervening head-on car collision in which Plaintiff was involved makes the connection between the $550 in expenses and the slip-and-fall even more unclear. Plaintiff's primary care physician testified that there was a probability of additional symptoms, although those symptoms could be as minor as "intermittent discomfort." As a result, while a close call, Plaintiff has failed to carry her burden.

3

## Conclusion

For the foregoing reasons, the motion for Judgment Notwithstanding the Verdict (DN 48) is GRANTED. An appropriate order shall issue with this opinion.