UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-61

TRACY NANCE                                                                                          PLAINTIFF

V.

WAL-MART STORES, INC.                                                                    DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Plaintiff Tracy Nance's Motion to Alter or Amend the Amended Judgment (DN 54). Defendant Wal-Mart has filed a response (DN 55). Plaintiff has filed a reply (DN 56). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff's slip-and-fall case was tried before a jury. During the jury trial, Plaintiff put forth evidence from Plaintiff's primary care physician that Plaintiff would probably "have some ongoing symptoms from this fall even if it is intermittent basis [sic]" and would probably "require some additional medical treatment and incur medical expense on account of the fall injury." The physician could not give a fair estimate of what the future treatment might cost, stating that the future treatment could range from intermittent discomfort to needing to "see the surgeon that did the procedure again . . . to do another scope or procedure." The jury also heard evidence that since the fall and the resulting surgery, Plaintiff had already incurred some $548.23 in medical expenses for a steroid joint injection related to the slip-and-fall. Plaintiff's orthopedic surgeon testified that there was "no need for [Plaintiff] to come back [to see him]" and "no plans for [the surgeon] to see [Plaintiff] again." The jury returned a verdict awarding Plaintiff

$10,000 for "Whatever necessary and reasonable expenses for medical services, supplies and appliances she is likely to incur in the future." Judgment, DN 42.

Defendant Wal-Mart then filed a Motion for Judgment Notwithstanding the Verdict with regard to the award of future medicals, asking the Court to set aside that portion of the jury verdict because the evidence did not support the finding and award of future medicals. DN 48. This Court agreed that the submission of future medical expenses to the jury and an award of future expenses was not appropriate under Kentucky law. In the Court's Memorandum Opinion, the Court stated that, "while not pointed out in either brief, a review of the medical testimony indicates almost no medical connection between the $548.23 in expenses and the slip and fall." DN 52 at 1. The judgment was amended to award $0 for future medical expenses. DN 53. Plaintiff then filed this Motion to Alter or Amend the Amended Judgment.

## STANDARD

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## DISCUSSION

In support of her motion to amend, Plaintiff points out that the "Court's Memorandum Opinion reflects the Court may have misunderstood or overlooked one very specific item of testimony from the Plaintiff's primary treating physician." DN 54 at 1. Specifically, Plaintiff states that Dr. Troy Nelson stated in his deposition:

> Q. Let me ask you. You're the person in the best position to know. It's your bill. In terms of reasonable medical probability, do you think the fall she sustained at Wal-Mart was a substantial contributing factor in causing the need for that injection[1] in November of 2010?
>
> A. Yes.

The plaintiff admits that she did not cite this testimony in her response to Wal-Mart's motion for JNOV. DN 54 at 2.

It appears that the Court may have overlooked the above testimony of Dr. Nelson in determining the propriety of submitting the issue of future medical expenses to the jury. Therefore, the Court's statement that "while not pointed out in either brief, a review of the medical testimony indicates almost no medical connection between the $548.23 in expenses and the slip and fall," is inaccurate. Dr. Nelson's testimony does establish a connection between the fall at Wal-Mart and the need for the November 2010 injection.

However, the plaintiff still failed to carry her burden of providing "substantial evidence of probative value" for compensation for an increased likelihood of future complications. *Davis v. Graviss*, 672 S.W.2d 928, 932 (Ky. 1984), *overruled on other grounds by Sand Hill Energy, Inc. v. Ford Motor Co.*, 83 S.W.3d 483 (Ky. 2002). Establishing that the fall at Wal-Mart was a substantial factor in the need for that particular injection does not constitute "substantial evidence of probative value" that Plaintiff will incur additional medical expenses in the future.

---

[1] The injection was the basis for the $548.23 in medical expenses.

Although Dr. Nelson testified that shoulder injuries "tend to take on lifelong, intermittent flares" he stated that he could not "even estimate how often the flares may occur." DN 44-2 at 28-29. This is not the "positive and satisfactory evidence" required to submit the issue of future medical expenses to the jury. *Consolidated Coach Corp. v. Eckler*, 58 S.W.2d 582 (1933); *Herndon v. Waldon*, 47 S.W.2d 1047 (1932); *Sedlock v. Trosper*, 211 S.W.2d 147 (1948); *Black v. Bishop*, 207 S.W.2d 22 (1947). Generally, damages that are uncertain, contingent, or speculative are not recoverable. *Spencer v. Woods*, 282 S.W.2d 851, 852 (Ky. 1955). Accordingly, the Court will not alter or amend its judgment notwithstanding the verdict in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend the Amended Judgment is DENIED.